IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEMMYE RICCARDO PARSON,

    Petitioner,
v.                                                 CASE NO. 5:17-cv-40-MCR-GRJ

WARDEN BLACKMON,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent has filed a response and a copy of Petitioner's presentence investigation report ("PSR"), arguing that the Petition should be dismissed because the Court lacks jurisdiction to consider the Petition. (ECF No. 7.) Petitioner has not filed a reply and the time for doing so has expired. The Petition is otherwise ripe for review. Upon due consideration of the Petition, the response, and the PSR, the undersigned recommends that the Petition should be dismissed.

## I. Background

On May 22, 1996, Petitioner was found guilty of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846. *United States v. Parson*, No. 9:95-cr-0809-CMA-2, ECF Nos. 949, 1265 (S.D. Fla. May 22, 1996). Prior to trial, the government filed an information pursuant to 21 U.S.C. § 851 placing Petitioner on notice that he was subject to increased potential penalties due to his three prior felony drug convictions. *Id.*, ECF No. 320; (ECF No. 10 at 4).

The United States probation officer subsequently prepared a PSR, which calculated Petitioner's offense level as 43 and his criminal history category as VI. (ECF No. 10 at 14, 21, 25.) Petitioner's criminal history category increased from V to VI because he was considered a career offender under U.S. Sentencing Guidelines § 4B1.1 due to his prior convictions for carrying a concealed firearm and aggravated battery. (*Id.* at 14, 21.) Based on an offense level of 43 and a criminal history category of VI, the probation officer calculated Petitioner's guideline sentence to be life imprisonment. (*Id.* at 25.)

Petitioner was sentenced on January 23, 1997, to a term of life

imprisonment, followed by ten years of supervised release. *Parson*, No. 9:95-cr-0809-CMA-2, ECF No. 1265. Petitioner appealed to the United States Court of Appeals for the Eleventh Circuit. *Id.*, ECF No. 1267, 1324. The Eleventh Circuit per curiam affirmed without written opinion. *Id.*, ECF No. 1324. The Supreme Court of the United States thereafter denied certiorari. *Id.* (docket entry dated October 27, 1999).

Petitioner then filed a motion to vacate under 28 U.S.C. § 2255, which was denied on June 20, 2001. *Id.*, ECF No. 1358.

On December 15, 2011, Petitioner filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), which the court construed as a "request to receive the benefit of Amendment 750" to the U.S. Sentencing Guidelines Manual § 2D1.1(c), effective November 1, 2011 and made retroactive by the United States Sentencing Commission." *Id.*, ECF No. 1450. The court denied the motion on December 20, 2011, because Petitioner conceded in his motion that he was sentenced as a career offender under § 4B1.1 so the Amendment did not apply to Petitioner. *Id.*

Petitioner filed a second motion to vacate under § 2255 on October 14, 2015. *Id.*, ECF No. 1595. The court dismissed his motion for lack of jurisdiction because Petitioner failed to obtain leave from the Eleventh

Circuit to file a successive motion. *Id.*, ECF No. 1596.

Petitioner then filed the instant Petition on February 6, 2017. (ECF No. 1.)[1]

## II.  Discussion

Petitioner's sole ground for relief is that his conviction for carrying a concealed firearm cannot be used as a predicate offense for career offender enhancement because carrying a concealed firearm no longer constitutes a crime of violence under *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008).[2] (ECF No. 1.) Petitioner contends that he can pursue habeas relief under § 2241 via the saving clause in § 2255(e) because *Archer* was decided after the court considered his first § 2255 motion. (*Id.*)

The Petition is due to be dismissed because Petitioner cannot satisfy the requirements of § 2255(e) to bring the instant Petition under § 2241. (ECF No. 7.)

---

[1] Petitioner also filed a third motion to vacate under § 2255 on September 26, 2017—after he filed the instant Petition—which was dismissed on October 18, 2017, for lack of jurisdiction because Petitioner failed to obtain leave from the Eleventh Circuit to file a successive motion. *Parson*, No. 9:95-cr-0809-CMA-2, ECF Nos. 1605, 1607–09.

[2] In *Archer*, the Eleventh Circuit held that the crime of carrying a concealed firearm in violation of Florida law is not a "crime of violence" for the purpose of a career criminal enhancement. 531 F.3d at 1349.

For starters, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Congress established § 2255 as the primary means of collateral attack on a federal sentence. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990); *cf. Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (challenges to the *execution* of sentence, rather than the validity of the sentence itself, are properly brought under § 2241). Thus, any challenge to his sentence should have been brought under § 2255, or by obtaining leave from the Eleventh Circuit to file a successive § 2255 motion.

Nevertheless, Petitioner cannot satisfy the saving clause requirements of § 2255(e) to pursue relief under § 2241. The savings clause permits a federal prisoner to seek relief under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." § 2255(e). This provides a very different, and much more limited, avenue of relief than a § 2255 motion to vacate or correct an illegal sentence.

> When Congress enacted section 2255, it created a mechanism for a prisoner to challenge his 'sentence' in the court that sentenced him, but Congress left open the opportunity for a prisoner to file a petition for a writ of habeas corpus in the district of his confinement "to test the legality of his detention."

*Samak v. Warden, FCC Coleman-Medium,* 766 F.3d 1271, 1279 (11th Cir. 2014) (Pryor, J., concurring); *compare* § 2255(a) (vacating, setting aside, or correcting the *sentence*), *with* § 2255(e) (testing the legality of the *detention*). A prisoner may proceed under § 2241 "only when he raises claims outside the scope of § 2255(a), that is, claims concerning the *execution* of his sentence." *Antonelli*, 542 F.3d at 1352 n.1 (emphasis added). Challenges to the execution of a federal sentence include federal parole commission decisions, *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985), military court martials, *Betonie v. Sizemore*, 496 F.2d 1001, 1005 (5th Cir. 1974), federal Bureau of Prison regulations excluding a class of prisoners from early release, *Lopez v. Davis*, 531 U.S. 230 (2001), and certain limited immigration proceedings.

Whether the saving clause applies is a jurisdictional issue that the court must determine before reviewing the merits of the § 2241 petition. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337–40 (11th Cir. 2013). The petitioner bears the burden of demonstrating that he can satisfy the saving clause under § 2255(e). *Mackey v. Warden, FCC Coleman-Medium*, 739 F.3d 657, 661 (11th Cir. 2014).

"'Inadequate or ineffective' . . . connotes that the saving clause

*Page 7 of 8*

permits a prisoner to bring a claim in a petition for habeas corpus that could not have been raised in his initial motion to vacate." *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1087 (11th Cir. 2017). "[A] change in caselaw does not trigger relief under the saving clause. Whether circuit precedent 'was once adverse to a prisoner has nothing to do with whether his motion to vacate his sentence is inadequate or ineffective to test the legality of his detention.'" *Id.* at 1085–86 (quoting *Samak*, 766 F.3d at 1276) (internal quotations omitted).

Petitioner cannot satisfy the saving clause. A challenge to Petitioner's sentence must made via a § 2255 motion to vacate. To the extent Petitioner already filed a § 2255 motion, he has the opportunity to seek leave from the Eleventh Circuit to file a successive motion. Because § 2255 was not inadequate or ineffective to test the legality of his detention Petitioner cannot pursue relief via § 2241.

Petitioner has failed to demonstrate that the saving clause opens the portal for the Court to consider the merits of his Petition. Accordingly, his Petition should be dismissed.

### III. Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED** that:

The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, should be **DISMISSED.**

**IN CHAMBERS** this 18th day of July 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.